PEREZ, Judge.
This case arises out of a hearing before the Louisiana Board of Certified Public Accountants (hereinafter referred to as Board). The appellant, Donald G. Gallent, a certified public accountant was censured by the Board. Thereafter, Gallent appealed the censure by petitioning the District Court for review. The District Court remanded the case to the Board to provide formal written reasons for the censure. After receiving the reasons from the Board, the Civil District Court of Orleans, without written opinion, affirmed the action of the Board.
The violation for which Gallent was censured related to his “independence” as a C.P.A., see Rule of Professional Conduct 2A of the State Board of Certified Public Accountants promulgated in accordance with R.S. 37:75 which provides:
“A. Independence — A CPA or a firm of which he is a partner or shareholder shall not express an opinion on financial statements of an enterprise unless he and his firm are independent with respect to such enterprise.”
The Board originally determined that Gallent lacked independence in fact from the agency he audited. The trial court requested written reasons. The Board held that “sufficient evidence has not been presented to establish that Mr. Gallent was not independent in fact.” Notwithstanding, the Board reaffirmed the censure on the ground that while Gallent had not been shown to lack independence in fact, he had lacked independence in appearance.
The issue presented to this court is whether Mr. Gallent’s censure by the Louisiana Board of Certified Public Accountants was proper.
FACTS
Gallent is a C.P.A. with an office in Baton Rouge, Louisiana. Gallent contracted with the City Parish of Baton Rouge to perform professional accounting services beginning in 1977. During the spring of 1977, Gallent was retained to audit the books of Community Advancement, Inc. (CAI), a non-profit, anti-poverty agency in Baton Rouge. During the course of the audit, Gallent noted several serious improprieties regarding the financial transactions *556 of C.A.I. At a public meeting on September 20, 1977, Gallent charged C.A.I. was controlled by black leaders, Lee Wesley C.A.I. Executive Director, State Rep. Joseph Delpit and City-Parish Councilman Jewel Newman.
On October 13, 1977, City-Parish Councilman Jewel J. Newman filed a complaint against Gallent with the Louisiana Board of Certified Public Accountants. Councilman Newman charged Gallent guilty of:
“Specifically, he broached (sic) the confidentiality of the CAI audit by repeated statements to the press and by offering to reveal the contents of the audit to a person not connected to either the City Parish government or Community Advancement, Inc. (see attached article by Mr. Joseph Delpit which appeared in the Baton Rouge Enterprize, September 20th-26th edition). Also, prior to publication of the final results of the CAI audit, in my presence he offered to suppress the results of the audit and to secure the Executive Director of CAI a good job with the City if the Director would urge the Board of Directors to turn over the finances and the programs that the Agency was running to the City Parish Government. Finally, in press conferences, television appearances, public speaking engagements, and at political rallies, he has appeared as the independent auditor for the City Parish Government and actively engaged in political activities in support of the Mayor-President and a certain councilman. Further, he has publicly discussed the confidential affairs on Community Advancement, Inc. and by his action, materially damaged the already difficult financial position of the agency.” (emphasis added).
Councilman Newman requested that the Board make a full-scaled investigation of Gallent’s conduct and ethics.
The Board’s initial hearing on the matter was held on May 10,1978. The hearing was recessed and on May 31, 1978, Charles Ben-net, C.P.A., a member of the Board and acting on its behalf, wrote to Gallent notifying him that the hearing was to be re-set June 15, 1978, at which time he could face charges involving possible violations of Board Rule 75(2)
A Independence
C Competence
G Confidential Client Information
K Acts Discreditable
O Form of Practice and Name
When testimony resumed, Gallent was found to have violated 75(2)A and 75(2)0. However, the censure only applied to section 75(2)A; therefore, we confine our review to that finding.
After the Board’s decision was appealed to the district court, it was remanded to include proper findings of fact and conclusions of law as required by LSA R.S. 49:958. The Board’s written findings of fact and conclusions of law provided in part:
“The record and the testimony has dwelled on the independence of Mr. Gal-lent, some being in conflict with each other. Sufficient evidence has not been presented to establish that Mr. Gallent was not independent in fact.”
Nevertheless, the Board affirmed its censure of Gallent on grounds that he was not “independent in appearance.”
We feel that Mr. Gallent should not have been censured for not appearing independent. There is no provision in Board rules which proscribes the lack of independence in appearance. Clearly, the statute at that time[1] only pertained to independence as evidenced by the phrase “. . . unless he and his firm are independent with respect to such enterprises.”
Mr. Gallent, therefore, should not have been censured for the lack of appearance of independence. It is clear that the Board has punished Mr. Gallent for action which has never been forbidden by its own rules.
An agency which attempts to control the behavior of individuals who are members must be governed by standards for decision which are stated in advance.
*557 There is no violation in the Board’s rules for the lack of appearance of independence, and therefore, we hold that the censure of Donald G. Gallent, C.P.A. was improper.
We reverse the decision of the trial court.

REVERSED.

. LSA R.S. 37:71 et seq. were subsequently amended Acts. 1979, No. 510.